**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CME Group Inc., Chicago Mercantile Exchange Inc., New York Mercantile Exchange, Inc., Commodity Exchange, Inc., and Board of Trade of the City of Chicago, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> Peter Jonhtham, Abdul Aziz, and Mohana Ranjan. <br><br> Defendants. | Civil Action No. 16-cv-4541 <br><br> Judge Robert M. Dow, Jr. |

ORDER OF FINAL JUDGMENT AND PERMANENT INJUNCTION

Plaintiffs CME Group Inc., Chicago Mercantile Exchange Inc., New York Mercantile Exchange, Inc., Commodity Exchange, Inc., and Board of Trade of the City of Chicago, Inc. (collectively, "CME Group") moved for final judgment against the Defendants Peter Jonhtham, Abdul Aziz and Mohana Ranjan ("Defendants") under Rule 55(b) of the Federal Rules of Civil Procedure. The Court, having read and considered CME Group's motion and supporting argument and evidence, hereby FINDS as follows:

1. The Court has jurisdiction over the subject matter of the action under 15 U.S.C. §§ 1114(1) & 1125(a), (c), & (d), 17 § U.S.C. 101 *et seq*., and 28 U.S.C. § 1331. The Court has supplemental jurisdiction over the state law claims under 28 U.S.C. §§ 1338(b) & 1367(a). Personal jurisdiction and venue are appropriate.

2. CME Group Inc. is a Delaware corporation and parent company to Chicago Mercantile Exchange Inc., Board of Trade of the City of Chicago, Inc., New York Mercantile Exchange, Inc., and Commodity Exchange, Inc.

3. CME Group is the owner of, among others, the following valid trademarks in connection with financial trading and exchange-related goods and services: CME, CME GROUP, ![globe logo], CBOT, NYMEX, COMEX, GLOBEX, CME GLOBEX, CME CLEARPORT, CLEARPORT, CME STP, CME DIRECT, SPAN, PC-SPAN, SPAN RISK MANAGER, CHICAGO MERCANTILE EXCHANGE, NEW YORK MERCANTILE EXCHANGE, and CHICAGO BOARD OF TRADE, among a number of other CME-formative marks (collectively referred to as "CME Marks"). As a result, the CME Marks are distinctive, famous, and entitled to a broad scope of protection. CME Group is the owner of the following valid U.S. trademark registrations, which are on the Principal Register of the U.S. Patent and Trademark Office (collectively referred to as "CME Registered Marks"):

| Mark | Reg. No. | International Class(es) | Status |
|---|---|---|---|
| CME® | 1,085,681 | 36 | Incontestable |
| CME® | 3,084,640 | 9 & 42 | Incontestable |
| CME Group® | 3,408,502 | 9 & 36 | Registered |
| cme® Chicago Mercantile Exchange® | 2,991,670 | 36 | Incontestable |
| cme® Chicago Mercantile Exchange® | 3,075,976 | 9 & 42 | Incontestable |
| CME GROUP® | 3,367,684 | 36 | Incontestable |
| [globe logo]® | 1,303,096 | 36 | Incontestable |
| CME ILINK® | 2,831,871 | 36 | Incontestable |
| CME E-MINI® | 2,969,966 | 36 | Incontestable |
| CME LEAN HOG INDEX® | 2,973,035 | 36 | Incontestable |
| CME FEEDER CATTLE INDEX® | 2,990,297 | 36 | Incontestable |
| CME GLOBEX® | 3,193,924 | 36 | Registered |
| CME DATAMINE® | 3,352,992 | 36 | Registered |
| CME HURRICANE INDEX® | 3,766,454 | 36 | Registered |
| CME CLEARING EUROPE® | 4,035,463 | 36 | Registered |
| CMECE® | 4,060,843 | 36 | Registered |

3

| Mark | Reg. No. | International Class(es) | Status |
|---|---|---|---|
| CME DATAPOINT® | 4,130,632 | 36 | Registered |
| CME DATACLOUD® | 4,254,542 | 36 | Registered |
| CME CORE® | 4,472,606 | 42 | Registered |
| CME DIRECT® | 4,358,467 | 9, 36 & 42 | Registered |
| CME GROUP® | 4,544,078 | 9, 36 & 42 | Registered |
| CME Group ® (logo) | 4,544,077 | 9, 36 & 42 | Registered |
| CME CLEARPORT® | 4,535,988 | 9, 36 & 42 | Registered |
| CME GLINK® | 4,343,012 | 38 | Registered |
| CME DIRECT MESSENGER® | 4,33,547 | 42 | Registered |
| CME STP® | 4,851,862 | 36 and 42 | Registered |
| CME GROUP FOUNDATION ® (logo) | 4,961,334 | 36 | Registered |
| CBOT ® | 1,716,422 | 36 | Incontestable |
| NYMEX® | 1,731,593 | 36 | Incontestable |
| NYMEX® | 2,656,475 | 36 | Incontestable |
| NYMEX ® | 3,436,974 | 36 | Registered |
| COMEX® | 1,036,378 | 36 | Incontestable |
| (globe logo) ® | 1,303,096 | 36 | Incontestable |

4

| Mark | Reg. No. | International Class(es) | Status |
|---|---|---|---|
| CLEARPORT® | 3,388,102 | 9, 36 & 42 | Incontestable |
| SPAN® | 1,689,883 | 9 | Incontestable |
| PC-SPAN® | 1,689,882 | 9 | Incontestable |
| SPAN RISK MANAGER® | 2,828,376 | 9 | Incontestable |
| GLOBEX® | 1,576,888 | 41 | Incontestable |
| GLOBEX® | 2,448,961 | 36 | Incontestable |
| GLOBEX® | 4,684,887 | 36 | Incontestable |
| CHICAGO MERCANTILE EXCHANGE® | 1,085,682 | 36 | Incontestable |
| CHICAGO BOARD OF TRADE® | 2,403,561 | 36 | Incontestable |
| NEW YORK MERCANTILE EXCHANGE® | 1,847,455 | 36 | Incontestable |

4. Pursuant to Section 33(b) of the Lanham Act, 15 U.S.C. § 1115(b), the incontestable registrations for the CME Registered Marks are conclusive evidence of CME Group's exclusive right to use these trademarks in commerce in connection with the goods and services identified in the registrations. CME Group has trademark priority with respect to the CME Marks in connection with the goods and services, and is entitled to protection under the Lanham Act and related Illinois statutory and common law.

5. CME Marks are valid, enforceable and famous trademarks, and the CME Registered Marks are valid, enforceable trademark registrations.

6. CME Group owns valid rights in copyrightable subject matter displayed on the CME Group website at www.cmegroup.com ("Copyrighted Materials") and the Copyrighted Materials are the subject of U.S. Copyright Reg. No. VA-01-847-974 and U.S. Copyright Reg.

5

No. VA 2-004-052. CME Group displays copyright management information on the CME Group website under 17 U.S.C. § 1202 of the Digital Millennium Copyright Act ("DMCA"). Specifically, CME displays its CME Copyright Notice (© 2016 CME Group. All rights reserved.) and CME contact information, including physical addresses and phone numbers.

7. CME Group properly alleged willful trademark counterfeiting, trademark infringement, dilution, unfair competition and cybersquatting claims in violation of the Lanham Act, 15 U.S.C. §§ 1114(1) & 1125(a), (c), & (d); willful copyright infringement in violation of 17 U.S.C. § 101 *et seq.*; violation of the Digital Millennium Copyright Act Copyright Management Information Provisions ("DMCA"), 17 U.S.C. § 1202 *et seq.*; phishing practices in violation of the Illinois Anti-Phishing Act, 740 Ill. Comp. Stat. 7/1, *et seq.*; deceptive trade practices in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. 505/1 *et seq.*; unfair competition in violation of Illinois common law; and dilution in violation of the Illinois Anti-Dilution Act, 765 ILCS 1036/65.

8. Defendants used without authorization CME Group's registered CME, CME GROUP, [globe logo], CBOT, NYMEX, COMEX, GLOBEX, CME GLOBEX, CME CLEARPORT, CLEARPORT, CME STP, CME DIRECT, SPAN, PC-SPAN, SPAN RISK MANAGER, CHICAGO MERCANTILE EXCHANGE, NEW YORK MERCANTILE EXCHANGE, CHICAGO BOARD OF TRADE marks in connection with the registration and use of the domain name <CMEtradeGroup.com> in bad faith and use and operation of the associated website www.CMEtradeGroup.com. Defendants had access to and copied without authorization CME Group's Copyrighted Materials and altered or removed the copyright management information on the website www.CMEtradeGroup.com.

9. The domain name <CMEtradeGroup.com> is referred to as "Infringing CME Group Domain Name" and the associated website www.CMEtradeGroup.com is referred to as "Counterfeit CME Group Website."

10. CME Group previously established a high likelihood of success on the merits of its trademark counterfeiting, trademark infringement, trademark cybersquatting, copyright infringement and DMCA claims and this Court entered both a Temporary Restraining Order and Preliminary Injunction. In addition, in entering the Preliminary Injunction, the Court found that there was no adequate remedy at law, CME Group would suffer irreparable injury absent an injunction, the public would be injured by Defendants' conduct, and the public interest is served by issuance of an injunction. The circumstances have not changed since entry of the Preliminary Injunction.

11. Defendants' willful and deliberate conduct renders them liable for claims of trademark counterfeiting (15 U.S.C. § 1114); trademark infringement (15 U.S.C. § 1114); trademark cybersquatting (15 U.S.C. § 1125(d)); federal trademark dilution (15 U.S.C. § 1125(c)); federal unfair competition (15 U.S.C. § 1125(a)); copyright infringement (17 U.S.C. § 101 *et seq*.); violations of the Digital Millennium Copyright Act (17 U.S.C. § 1202); and violations of Illinois state and common law.

12. Defendants have been properly served in this case. Defendant Jonhtham's answer to the Complaint was due on May 25, 2016 and Defendants Aziz and Ranjan's answers to the Amended Complaint were due on September 29, 2016. All three Defendants have failed to answer the complaint, the amended complaint or otherwise plead, file an appearance, or otherwise participate in this litigation.

IT IS HEREBY ORDERED that CME Group's Motion for Default Judgment is GRANTED and FINAL JUDGMENT IS ENTERED AGAINST DEFENDANTS JONHTHAM, AZIZ AND RANJAN.

IT IS FURTHER ORDERED that Defendants and their officers, directors, agents, servants, employees, affiliates, successors, shareholders, assigns and attorneys, as well as all those in active concert or participation with them, be permanently enjoined and restrained from:

(a) Using the CME Marks, including but not limited to the marks CME, CME GROUP, [globe logo], CBOT, NYMEX, COMEX, GLOBEX, CME GLOBEX, CME CLEARPORT, CLEARPORT, CME STP, CME DIRECT, SPAN, PC-SPAN, SPAN RISK MANAGER, CHICAGO MERCANTILE EXCHANGE, NEW YORK MERCANTILE EXCHANGE, CHICAGO BOARD OF TRADE, or any reproduction, counterfeit, copy, or colorable imitation thereof in any manner in connection with the sale, offering for sale, distribution, or advertising of any goods or services that are not genuine CME Group goods or services or not authorized by CME Group;

(b) Using any name, mark, or domain name that wholly incorporates the CME Marks or is confusingly similar to the CME Marks;

(c) Registering, transferring, selling, owning or exercising control over any domain name that incorporates, in whole or in part, the CME Marks or is confusingly similar thereto;

(d) Doing any other act or thing calculated or likely to induce or cause confusion or the mistaken belief that Defendants are in any way affiliated, connected, or associated with CME Group or its services;

(e) Licensing or authorizing others to use the CME Marks or any confusingly similar mark;

(f) Injuring CME Group's business reputation and the goodwill associated with the CME Marks, and from otherwise unfairly competing with CME Group in any manner whatsoever;

(g) Passing off Defendants' goods or services as those of CME Group;

(h) Committing any acts which will blur or dilute, or are likely to blur or dilute, the distinctive quality of the famous CME Marks;

(i) Using, reproducing, adapting, distributing, displaying, importing or exporting the Copyrighted Materials or any other material that is substantially similar;

(j) Violating any of the exclusive rights owned by CME Group in the Copyrighted Materials or any other materials in which CME Group owns copyright; and

(k) Otherwise infringing upon the copyrights owned by CME Group.

IT IS FURTHER ORDERED that Defendants deliver up and destroy all products, labels, signs, packages, wrappers, advertisements, promotions, electronic data and all other matter in the custody or under the control of Defendants that bear the CME Marks or any other mark that is likely to be confused with the CME Marks within thirty (30) days of the date of this Order;

IT IS FURTHER ORDERED that Defendants Peter Jonhtham, Abdul Aziz and Mohana Ranjan and previously dismissed Defendants Legendary Tech Enterprises S.A. d/b/a QHoster and Fast Serv. Inc. d/b/a QHoster (collectively, "QHoster") and NameSilo, LLC permanently transfer ownership of the Infringing CME Group Domain, CMEtradeGroup.com, and any other domain names under the name or control of Defendants that incorporate, in whole or in part, the CME Marks or anything confusingly similar thereto, to CME Group within five (5) days of the date of this Order;

IT IS FURTHER ORDERED that Defendants file with the Court and serve on CME Group within thirty (30) days after issuance of this Order, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

IT IS FURTHER ORDERED that if CME Group identifies any additional domain names or websites owned by Defendants that infringe upon CME Group's copyright and/or trademark rights, CME Group is authorized to send notice of any contempt proceeding to Defendants via email at the email addresses used in this case and identified in the Amended Complaint;

IT IS FURTHER ORDERED that those in privity with, working with, or providing services of any kind to Defendants, including any Internet search engines, domain name registrars, domain name registries, Internet Service Providers, and web hosts that have notice of or receive a copy of this injunction are hereby (a) permanently restrained and enjoined from facilitating access to any and all websites and accounts through which Defendants engage or engaged in the counterfeiting and infringing use of the CME Marks, including but not limited to the Infringing CME Group Domain and Counterfeit CME Group Website, (b) ordered to provide to CME Group's counsel any and all identification, contact and registration information

associated with the Infringing CME Group Domain Name and Counterfeit CME Group Website or other domain name or website incorporating a CME Mark; (c) be ordered to preserve and produce to CME Group any and all documents and electronically stored information regarding use, access, download, and visitors to the Counterfeit CME Group Websites as well as all data created or provided by Defendants; (d) permanently restrained and enjoined from providing Defendants access to any material or activity residing at the Counterfeit CME Group Website; and (e) permanently restrained and enjoined providing Defendants access to any account associated with the Infringing CME Group Domain Name and Counterfeit CME Group Website, by terminating such account(s) of Defendants Peter Jonhtham, Abdul Aziz and Mohana Ranjan.

IT IS FURTHER ORDERED that Defendants Peter Jonhtham, Abdul Aziz and Mohana Ranjan and their officers, directors, agents, servants, employees, affiliates, successors, shareholders, assigns and attorneys, as well as all those in active concert or participation with them, be permanently enjoined and restrained from altering, interlining, removing, destroying, permitting the destruction of, or in any other fashion changing any records, including electronic records, in the actual or constructive care, custody or control of Defendants that are relevant to the subject matter of this lawsuit or likely to lead to the discovery of relevant records or evidence or likely to identify Defendants, wherever said records are physically located;

IT IS FURTHER ORDERED that CME Group is awarded statutory damages in the amount of ($100,000.00) per counterfeit mark regarding use of the registered CME, CME GROUP, 🌐, CBOT, NYMEX, COMEX, GLOBEX, CME GLOBEX, CME CLEARPORT, CLEARPORT, CME STP, CME DIRECT, SPAN, PC-SPAN, SPAN RISK MANAGER, CHICAGO MERCANTILE EXCHANGE, NEW YORK MERCANTILE EXCHANGE,

11

CHICAGO BOARD OF TRADE by Defendants Peter Jonhtham, Abdul Aziz and Mohana Ranjan under 15 U.S.C. § 1117(c) resulting in an award in the amount of $2,800,000.00;

IT IS FURTHER ORDERED that CME Group is awarded statutory damages from Defendants Peter Jonhtham, Abdul Aziz and Mohana Ranjan in the amount of $100,000.00 for the infringing domain name www.CMEtradeGroup.com under 15 U.S.C. § 1117(d);

IT IS FURTHER ORDERED that CME Group is awarded statutory damages from Defendants Peter Jonhtham, Abdul Aziz and Mohana Ranjan in the amount of $50,000.00 per copyrighted work under 17 U.S.C. § 504(c) resulting in a total award in the amount of $100,000.00;

IT IS FURTHER ORDERED that CME Group is awarded statutory damages from Defendants Peter Jonhtham, Abdul Aziz and Mohana Ranjan in the amount of $25,000.00 each for alteration or removal of copyright management information under 17 U.S.C. § 1203(c)(3)(B), resulting in a total award in the amount of $50,000.00;

IT IS FURTHER ORDERED that CME Group is awarded statutory damages from Defendants Peter Jonhtham, Abdul Aziz and Mohana Ranjan in the amount of $100,000.00 related to CME Group's anti-phishing claim under 740 ILCS §§ 7/15(a) & (c);

IT IS FURTHER ORDERED that the Court shall retain personal jurisdiction and venue over CME Group, Defendants, and the subject matter of this action for purposes of construing and enforcing this Judgment. If CME Group prevails in a claim that the Defendants breached the terms of the Judgment, then CME Group is entitled to recovery of its attorneys' fees and costs for pursuing such breaches or violations under 15 U.S.C. § §1117(a) & (b); 17 U.S.C. §§ 505 and 1203(b)(5), 740 Ill. Comp. Stat §7/15, 815 Ill. Comp. Stat. 5§10/3, and 815 Ill. Comp. Stat. §505/10a; and

IT IS FURTHER ORDERED that the Clerk is directed to return to CME Group Inc. within five (5) days of the date of this Order its security in the amount of $1,000.00 together with any accrued interest minus court fees.

Dated: November 29, 2016       _____
                                                  Robert M. Dow, Jr.
                                                  United States District Judge